UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDDIE C. BUSBY,**

          Plaintiff,

-vs-                                                  Case No.  6:08-cv-757-Orl-19KRS

**VEOLIA ES SPECIAL SERVICES, INC.,**
f/k/a Veolia Es Solid Waste Southeast, Inc.,

          Defendant.
_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss for Lack of Subject Matter Jurisdiction by Defendant Veolia ES Solid Waste Southeast, Inc. (Doc. No. 22, filed Aug. 20, 2008);

2. Response to Defendant's Motion to Dismiss by Plaintiff Freddie C. Busby (Doc. No. 23, filed Sept. 2, 2008); and

3. Notice of Settlement (Doc. No. 27, filed Oct. 17, 2008).

Plaintiff brought this action against Defendant, his former employer, for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2006). (Doc. No. 1, filed May 12, 2008.) Defendant filed its Answer on June 5, 2008, admitting that the Court had jurisdiction over the action but otherwise denying Plaintiff's factual allegations. (Doc. No. 9.) The following day, on June 6, 2008, Defendant served an Offer of Judgment upon Plaintiff in the amount of $2,000.00. (Doc. No. 22-2, filed Aug. 20, 2008.)

Subsequently, Defendant moved to dismiss the case for lack of subject matter jurisdiction because its Offer of Judgment "was in excess of the maximum potential overtime liability to which

Plaintiff would have been or could be awarded under the FLSA." (Doc. No. 22 at 2, ¶ 5.) "Since Defendant's offer would make Plaintiff whole, no further case or controversy exists pursuant to Article III of the United States Constitution, and Plaintiff's claims for overtime compensation are moot." (*Id.* ¶ 6.) Plaintiff filed a Response to this Motion indicating that he did not oppose dismissal of the case. (Doc. No. 23.) In this Response, Plaintiff explained, "Plaintiff does not contest that Defendant's Offer of Judgment represents complete compensation for his unpaid overtime claims and requests that Judgment be entered in accordance with the terms of the Offer of judgment." (*Id.* at 1.) Additionally, Plaintiff filed a Notice fo Settlement on October 17, 2008, stating, "Pursuant to Rule 3.08, the Plaintiff, Freddie C. Busby, hereby notifies the Court that the Parties have resolved all issues in this case, including Plaintiff's attorney's fees and costs." (Doc. No. 27 at 1.)

When a settlement involves a compromise of FLSA claims for back wages or liquidated damages, a district court must review the proposed agreement to ensure the compromise is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). However, when a plaintiff is offered full compensation on his or her claim, the case does not involve a compromise, and the judicial scrutiny outlined in *Lynn's Food Stores* is not necessary. *E.g.*, *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Because resolution of this case did not involve a compromise of Plaintiff's claims, the Court is not required to review and approve the settlement agreement. Therefore, the Court grants Defendant's Motion to dismiss as unopposed.

**Conclusion**

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss for Lack of Subject Matter Jurisdiction by Defendant Veolia ES Solid Waste Southeast, Inc. (Doc. No. 22, filed Aug. 20, 2008). Because there is no longer an active case or controversy over which the Court may exercise subject matter jurisdiction, this case is **DISMISSED WITH PREJUDICE**, and the Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 24, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record